DAVID TARBILL V. RICHMOND CITY MILL WORKS.

1. ALTERATION OF A PROMISSORY NOTE BY A STRANGER.

The alteration of a promissory note by a stranger is a mere spoliation, having no more effect than a mere accidental blemish, avoiding it in the hands of no one.

2. ANSWER CONTAINING AN ALLEGATION OF ALTERATION, MUST STATE, WHAT.

Where an answer contains an allegation of alteration in a note, it must state that such alteration was made with the knowledge or consent, or by the authority of the plaintiff, or some one beneficially interested in or entitled under it.

3. FORGING THE SIGNATURE OF A SURETY TO A PROMISSORY NOTE, EFFECT.

The forging, by the principal, of the signature of a surety to a promissory note before delivery to the innocent payee, is not an alteration avoiding the note as to a precedent surety, though such act was committed without his knowledge or consent.

ERROR to the Court of Common Pleas of Pickaway county.

The original action was brought by the Richmond City Mill Works against W. E. Harriman, the plaintiff in error, David Tarbill, and Joseph H. Porter, defendants, containing two causes of action, each declaring upon a promissory note, one dated October 1, 1884, at nine months, and one dated January 2, 1885, at nine months, and each in the sum of $1,353.73, and signed by the defendants. It is further alleged in said petition, that said notes are not in the possession of the plaintiff, but were surrendered to defendant Harriman under the following circumstances, viz.: when said notes matured, Harriman applied to plaintiff to renew the said notes, and produced to said plaintiff two certain other notes, dated respectively July 1, 1885, and September 10, 1885, one due at nine months after date, the other due January 1, 1886, and at the same time represented and pretended to plaintiff that said papers had each and both been signed by said Tarbill and Porter, defendants, and that their signatures thereto were the genuine signatures of said Tarbill and Porter, who were the same persons who had signed the original notes. Plaintiff further avers that the signatures of Tarbill and Porter to said last notes were forgeries; that it believed the statements of said Harriman that they were genuine, to be true, and relying upon the same, surrendered the first described notes; that it never intended to surrender said first notes upon the giving of said forged paper, and it would not have done so had it known the same were forgeries, nor would it have renewed said notes at all without the genuine signatures of said Tarbill and Porter to said renewal notes, nor would it have accepted the note of Harriman alone, but relied upon the financial standing of Tarbill and Porter; that said Harriman signed the renewal notes, and wrote upon them the names of Tarbill and Porter, without its knowledge or consent, and this signing was not done in the presence of plaintiff, and it had no knowledge or suspicion that said names were forged upon said last papers until after maturity thereof; that Harriman is insolvent, and has absconded.

Porter answers that he never signed the original notes.

Tarbill sets out in his answer, that said original notes are not his notes, because at their respective dates the same were presented to him duly written and filled up except the signature of Tarbill, and were presented to him by said Harriman, requesting him to sign the same as the sole and only surety thereon for him the said Harriman; that no other name or signature but that of Harriman and of this defendant was to be signed or placed on said papers, or either of them; that when presented to said Tarbill, there was no other signature or name written on said papers but the name of said Harriman. That the name of said Joseph H. Porter was not signed to either of said papers, nor was it to be; that defendant, Tarbill, then signed his name to said papers under the name of said Harriman, and the said papers were then complete and entirely written and filled up; that he did not sign a blank paper, nor did he consent or agree that any other name should be signed or placed to either of said papers. That after he had so signed the said papers, they were taken by said Harriman, and were by him to be delivered to the plaintiff without change or alteration, as they were when so signed by this defendant. That afterwards, and without the knowledge or consent of this defendant, both of said papers were altered and changed by some person or persons to this defendant unknown, by falsely and fraudulently writing and forging the name of said Joseph H. Porter to each and both of said papers.

As a second defense, Tarbill set up that there had been an extension of time of said first notes, by contract between plaintiff and Harriman, of which he

had no knowledge, by the plaintiff receiving said second renewal notes mentioned as forgeries in the petition.

The plaintiff filed a general demurrer to each of said defenses, which demurrers were each sustained, and Tarbill declining to further plead, judgment was rendered for the plaintiff. The sustaining of said demurrers is the only error assigned.

Mills Gardner, for plaintiff in error, cited the following authorities supporting the following principles: A material alteration of a note, made by one of the promisors before its delivery, without the knowledge of the other promisor, makes the note void as against the other promisor, although the alteration is made without the knowledge of the payee, and without fraudulent intent. Draper v. Wood, 112 Mass. (17 Am. Rep. 92); Fay v. Smith, 1 Allen, (Mass.) 477; Goodman v. Eastman, 4 N. H., 455; Wood v. State, 6 Wall., (U. S.) 80; McGrath v. Clark, 56 N. Y., 34 (15 Am. Rep., 372); Lisle v. Rogers, 18 B. Mon., 528.

Adding a new name without the knowledge or consent of surety, vitiates the note as to him. Wallace v. Jewell, 21 O. S., 163; Bowers v. Briggs, 21 Ind., 139; 46 Barb., 379; Daniel on Negotiable Instruments, sec. 1387; Henry v. Coats, 17 Ind., 161; Hamilton v. Harper, 46 Ia., 515 (26 Am. Rep., 161), Aldrich v. Smith, 37 Mich., 468 (26 Am. Rep., 536); Nicholson v. Combs, 90 Ind., 515 (46 Am. Rep., 229); Jones v. Bangs, 40 O. S., 139; Thompson v. Massie, 41 O. S., 307-319; 92 U. S., 330.

Festus Walters, for defendant in error, cited among others the following authorities, and claimed that under the circumstances disclosed in the pleadings, the forging of the name of Joseph H. Porter to said original notes was not such an alteration as discharged Tarbill.

Mickelwait v. Noel, 28 N. W. Rep., (Iowa) 631; Bridges v. Winters, 2 Am. Rep., (Mass.) 600; Humphreys v. Crane, 5 Cal., 173; Brandt on Suretyship & Guaranty, sec. 332; Daniel on Negotiable Instruments, sec. 1089; Mersman v. Werges, U. S. S. C., 20 Cent. L. J., 18; State v. Potter, 21 Am. Rep., (Ind.) 441; Snyder v. VanDoren, 32 Am. Rep., (Wis.) 741; Suffel v. Bank of England, 13 Cent. L. J., 455, in which Lord Coleridge criticised the ruling in Master v. Miller; Keith v. Goodwin, 31 Vt., 276; Ward v. Hacket, 44 Am. Rep., 187 (Minn. 1883); Bingham v. Reddy, 5 Ben., 267; Selser v. Brock., 3 O. S., 308; Fullerton v. Sturges, 4 O. S., 530, 536; Thompson v. Massie, 41 O. S., 307, 319; Hunt v. Gray, 10 Am. Rep. 237; State v. Pepper, 31 Ind., 86; Bank v. Roberts, 45 Wis., 377.

CHERRINGTON, J.

Tarbill in his second defense setting up an extension of time without his knowledge or consent avers that it was accomplished by the plaintiff receiving the said second described papers which were forgeries in lieu of the originals which were surrendered. The circumstances under which the original paper was so surrendered, are fully disclosed in the petition and not denied by Tarbill. On the other hand he refers to the forged renewal set forth in the petition as being the means by which the extension and renewal set up by him was effected. The pleadings therefore disclose that said extension and renewal were each and both of them procured by the fraud of Harriman, the principal maker. The plaintiff relying upon and believing the statements of Harriman that the name of Tarbill was genuine, and therefore that he had fully consented to said renewal and extension, surrendered the original notes.

The extension was procured in the belief on the part of the plaintiff, that the fraudulently false statements of Harriman were true. A contract, to be effectual as an extension of time to release the surety, must, like every other contract, be a valid one. Here there was not; the minds of the parties never met. The plaintiff supposed he was receiving a genuine note, while Harriman knew he was giving a forged one. It is settled, not only on principle, but on author-

ity, that an extension so procured by fraud, will not release the surety. Bebout v. Bodle, 38 O. S., 500.

The demurrer to this defense was properly sustained. The first defense sets out, that after Tarbill signed his name and delivered the papers to Harriman, some person or persons to him unknown, forged the name of Joseph H. Porter to each and both of said papers. Does this vitiate the note in the hands of the Mill Works?

It is well settled that a material alteration of a promissory note by one beneficially interested in the paper, without the knowledge or consent of the surety, vitiates the note in the hands of the holder, even though he be innocent and the alteration be unknown to him. It is also well settled in this country, that an alteration of a promissory note, made by a stranger to the instrument, does not vitiate it as to anybody. In such case it is a mere spoliation or mutilation, having no other or greater effect than a mere accidental blemish. This doctrine is expressly laid down in Fullerton v. Sturges, 4 O. S., 530, and Thompson v. Massie, 41 O. S., 307, 319. In this last case the court say: "If this alteration had been made by a stranger, the law in this country would reject it and enforce the notes according to their original terms; such an alteration is regarded as a mere spoliation, and parol evidence is admissible to ascertain the true terms of he contract, and thus the identity of the instrument is preserved and full effect given to it."

This answer does not allege by whom this alteration was made. It was done, says Tarbill, by some person or persons to him unknown. We may as well presume that it was made by a stranger as by one beneficially interested; at least we cannot infer or presume in testing the sufficiency of the pleading what is not alleged, viz: that this forgery was committed by Harriman, or by the payee or some one entitled under it. "Alteration is a term applied when the act is done by the party entitled to the instrument. Spoliation is the act of a stranger without the participation of the party interested." Bridges v. Winters, 2 Am. Rep., 600 (Miss.)

Tarbill sets up a partial defense only. In Mickelwait v. Noel, 28 N. W. Rep., 63 (Iowa), 1886, Lewis surety in his answer alleged that he signed the note for Noel at his request, as his surety, upon the representation and promise of Noel that W. E. Demmett and Sampson Slater would also sign the note. It was pleaded that Demmett and Slater did not sign the note, but that Sayler and Donner did sign it as makers, without the knowledge or consent of the defendant Lewis.

The court say: "We do not think that a sufficient defense is pleaded in the answer of Lewis, for the reason that it is not pleaded that the plaintiff had any knowledge of the facts, or that the note had been delivered when the agreement set up in the second count was entered into."

No instrument like the one in this case, altered by a stranger, can have any effect upon its validity. The petition must show that it was not done by a stranger to the instrument. Suppose, however, that Harriman, the principal, forged the name of Joseph H. Porter thereon, without the knowledge or consent of the payee, or Tarbill; what then must be the legal effect as to Tarbill? In State v. Pepper, 31 Ind., 76, a number of persons had signed an official bond of a county treasurer as sureties thereon.

One of the defenses set up by the sureties was that the name of Grinkemeyer was a forgery. The court upon this question say: "The name of Grinkemeyer, however, was forged to the bond; but this was the last name signed except that of Witt, and as the signatures preceding that of Grinkemeyer were in no way procured by the forgery, they cannot be released thereby."

It is true, this was a suit upon a bond; but we see no material difference between a paper of that kind and a promissory note. There is a contrariety of decisions as to the effect of the addition of another name as maker or co-surety; but in all of the cases examined or cited the addition was made after

delivery to the payee, or with his knowledge or consent.    There is another class of cases in which it appears that the body of the note had been changed in some material part, by which the legal significance of the paper was altered, as by change of the date, amount, time or place of payment, rate of interest and the like.    In this class of cases it has been held that the alteration being material, it vitiated the note as to the sureties having no knowledge of the alteration, even in the hands of an innocent holder.    But this case in its facts falls without the principle of these cases, we conceive, and we have been unable to find a case, and have been cited to none where the facts are like the one at bar, unless State v. Pepper, *supra*, may be said to be such a one.

The case of Ward v. Hackett, 30 Minn., 150; s. c., 44 Am. Rep., 187, is upon principle decisive of the question in this case.

The facts were that Elwis signed a negotiable note as surety for defendant Hackett, and delivered it to him upon condition that he should not deliver it to plaintiff, the payee, until he procured the signature of one Johnson as co-surety. Hackett failed to get Johnson's signature, but without the knowledge or consent of Elwis got defendant Rice to sign it, and then delivered it to plaintiff, who took it in the ordinary course of business, without any notice or knowledge of the facts hereinbefore stated.

The court in the opinion say, "The position of the appellant is that the fact of Hackett's obtaining the name of another surety upon the note, without his knowledge or consent, although done before the note was delivered to plaintiff, amounted to a material alteration of the instrument, which discharged him, even although the plaintiff had no notice of the facts when he took the note. If this be the law, then we are satisfied its announcement would be a surprise to the business and commercial world.    It would render commercial paper a very uncertain and unsafe object with which to deal.    But we have carefully examined all the numerous cases cited by appellant, and do not find one that goes far enough to sustain him.    Many of these cases hold that a material alteration of note, made by one of the promisors before its delivery, without the knowledge of the other promisor, makes the note void as against such other promisor, although the payee have no notice of the alteration when he takes the note. Such is doubtless the law. But upon examination these will all be found to be cases where the body of the note, or the contract itself, was changed, as by the alteration of the date, rate of interest, or amount of the note.    And the reason given, why, in such cases, the party is discharged, is the self-evident one that the contract is no longer the one he made.    Numerous cases are also cited to the effect that the addition of a new party to a note, without the consent of the other parties, is a material alteration of the instrument.    But these will be found to be cases where the new name was obtained after the note was fully issued and delivered to the payee, and at his instance, or with his knowledge.    We have been referred to no case, and have found none, going so far as to hold, that where a surety signs a promissory note, and intrusts it to his principal, and the principal, while the instrument is still inchoate and has not become effectual as a contract by delivery, procures an additional signer, that this would be a material alteration, and release the first surety."

"To hold that the obtaining of an additional surety to a note under the facts of the case at bar, amounted to an alteration of the instrument that would discharge Elwis, would, in our judgment be harsh, technical and work injustice, and establish a doctrine contrary to the general understanding of business men, which ought to be the law of such cases, and is the only just basis of the implied contract resulting from the facts.    In dealing with commercial paper, complete on its face and signed by several parties, we apprehend that it never occurs to a business man that it is incumbent upon him to inquire of each maker whether he understood when he signed the paper just what parties were to sign with him, or whether any additional names have been subsequently added without his knowledge or consent.    To require any such thing would be inconven-

ient, without reason, and an innovation of our business usages. The idea that when a person signs a note as surety, and delivers it to his principal, no other surety is to be obtained, and if the note cannot be negotiated in that form, it cannot be used at all, unless all parties consent to the introduction of a new surety, is, we apprehend, contrary to the general understanding of the commercial world.''

This is a well considered case, and we think the principles laid down are sound and decisive of this case, even presuming that Harriman added the name of Joseph H. Porter to said notes, a fact not alleged in the pleadings. Even if this be not so, the pleadings are so defective for want of any allegation averring that the alteration was made by a party beneficially interested or entitled to the paper, or showing that it was not done by a stranger, that the judgment below must be affirmed. We are of the opinion that upon both grounds the demurrer is well taken.

Judgment below affirmed.

Mills Gardner, for plaintiff in error.

Festus Walters, for defendant in error.